## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

VocalTag Ltd. and SCR Engineers Ltd.,

       Plaintiffs,

vs.

Agis Automatisering B.V.,

       Defendant.

**DEMAND FOR JURY TRIAL**

**Case No. 13-CV-612**

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, VocalTag Ltd. ("VocalTag") and SCR Engineers Ltd. ("SCR") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby commence this action against Agis Automatisering B.V. ("Agis" or "Defendant") for patent infringement, and in support, allege as follows:

### NATURE OF THE LAWSUIT

1.    This is an action for patent infringement of United States Patent Numbers: 7,350,481 (the " '481 patent") and 7,878,149 (the " '149 patent"), arising under the patent laws of the United States, Title 35 of the United States Code.  The following statements made with respect to the Defendant are made on information and belief.  Statements made with respect to the Plaintiffs are based on personal knowledge as well as best available information and belief under the law.

## JURISDICTION, VENUE AND THE PARTIES

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3.      This Court has personal jurisdiction over Agis pursuant to, *inter alia,* Wisconsin's long-arm statute, Wis. Stat. § 801.05(1), which states that the Court has jurisdiction over a person if that person is engaged in substantial and not isolated activities within the state, whether such activities are wholly interstate, intrastate or otherwise.

4.      Agis is engaged in substantial and not isolated activities in Wisconsin.  Agis: (a) is a foreign entity, incorporated in the Kingdom of the Netherlands; (b) has no office for doing business within the United States; but (c) conducts, engages in and/or carries on a business or business venture(s) throughout the United States by offering its infringing products for sale, including through an interactive website available within the United States, in the English language, and specifically within this District which has a substantial dairy industry; (d) is an exhibitor at the American Dairy Science Association (the "ADSA") offering its infringing product to dairy farmers throughout the United States, including within this District; (e) has sold and/or delivered infringing products to farmers in this District; (f) has sent its authorized representatives into this District for purposes of soliciting sales and promoting and selling its infringing product; and/or (g) has purposely availed itself of the benefits of the laws of this State and District, its services and/or other benefits and therefore should reasonably anticipate being haled into one or more of the Courts within this State of Wisconsin.

#4618284 v6 \023570 \0001

2

5.      In the alternative, to the extent that Agis is not otherwise subject to jurisdiction in the courts of general jurisdiction in this or any other state within the United States, then this Court may exercise personal jurisdiction over Agis pursuant to Federal Rule of Civil Procedure 4(k), in that the claims herein arise under federal law, namely, 35 U.S.C. § 271 and the exercise of jurisdiction is consistent with the United States Constitution and laws.   The exercise of jurisdiction would be consistent with the United States Constitution and laws insofar as Agis: (a) is a foreign entity, incorporated in the Kingdom of the Netherlands; (b) has no office for doing business within the United States; but (c) conducts, engages in and/or carries on a business or business venture(s) throughout the United States by offering its infringing products for sale, including through an interactive website available within the United States, in the English language; (d) is an exhibitor at the ADSA offering its infringing product to dairy farmers throughout the United States; (e) has sold infringing products to farmers in the United States; (f) has introduced its infringing products into the United States stream of commerce; (g) has sent its authorized representatives into the United States for purposes of soliciting sales and promoting and selling its infringing product; and/or (h) has purposely availed itself of the benefits of the laws of the United States, its services and/or other benefits and therefore should reasonably anticipate being haled into one or more of the Courts within the United States.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## THE PLAINTIFFS

7.      Each of the Plaintiffs, VocalTag and SCR, is a corporation organized under the laws of Israel, having offices located at Kibbutz Nachsholim, 30815 Doar Na Hof Hacarmel,

#4618284 v6 \023570 \0001

Israel, and at 6 Haomanut St. Netanya, Netanya, Israel, respectively.  VocalTag is the owner of the '481 patent.  SCR is the owner of the '149 patent and is the licensee of the '481 patent.

8.     VocalTag and SCR are in the business of manufacturing, or having manufactured, and selling and offering for sale, products covered by the issued patents and in competition with the products sold by the Defendant Agis.

## THE DEFENDANT

9.     Defendant, Agis, is a corporation organized under the laws of the Kingdom of the Netherlands, having offices located at P.O. Box 46, 3480 DA Harmelen NL.

10.     Agis offers for sale and has sold into the United States a product known as the CowManager SensOor, which is alleged to infringe the patents in this lawsuit.  Defendant Agis is not believed to have any offices located within the United States, but has made sales and has offered to sell into the United States, including within this District, in a substantial, systematic and continuous manner through in person visits and sales solicitations in this District, through its interactive internet website and through demonstration booths in at least one annual conference of ADSA, a national dairy farming organization, of services and/or products that infringe claims of the two patents herein in suit.

## THE PLAINTIFFS' PATENTS

11.     Plaintiff VocalTag owns all right, title and interest in the '481 patent entitled METHOD & SYSTEM FOR MONITORING PHYSIOLOGICAL CONDITIONS OF, AND/OR SUITABILITY OF ANIMAL FEED FOR RUMINANT ANIMALS, granted on April 1, 2008.

#4618284 v6 \023570 \0001

4

Plaintiff SCR also has standing to sue for infringement of the '481 patent as a licensee. A copy of the '481 patent is attached hereto as Exhibit 1.

12. Plaintiff SCR owns all right, title and interest in the '149 patent entitled METHOD AND DEVICE FOR DETECTING ESTRUS, granted on February 1, 2011. A copy of the '149 patent is attached hereto as Exhibit 2.

## COUNT I
## DIRECT PATENT INFRINGEMENT

13. Plaintiffs hereby incorporate Paragraphs 1 through 12 set forth above as if fully set forth herein.

14. Pursuant to 35 U.S.C. § 271 (a), Agis has directly infringed claims of each of the '481 and '149 patents through, among other activities, selling and offering to sell into the United States products, systems and methods under the commercial name "CowManager SensOor" for the purpose of monitoring the health of cattle by measuring and recording movement specific to eating, ruminating, walking and estrus activity, to determine the health and estrus status of a cow. The Agis system consists of a device that is attached to the cow, which device transmits data to a computer to be analyzed and displayed by the CowManager software program.

15. The CowManager SensOor system utilizes mathematical algorithms to determine the meaning of specific measured movements. These same measurements are made and recorded by the devices and methods that are protected by the infringed claims of the '481 and '149 patents, as every claim limitation of the infringed claims, or its equivalent, is found in these products, methods and/or systems sold and offered by the Defendant.

#4618284 v6 \023570 \0001

5

16.    Agis's direct infringement has injured and will continue to injure Plaintiffs unless and until the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of the products, methods and systems that come within the scope of the infringed claims of the '481 and '149 patents and/or a monetary judgment is entered in favor of Plaintiffs compensating Plaintiffs for Defendant's infringement.

## COUNT II
## INDIRECT PATENT INFRINGEMENT

17.    Plaintiffs hereby incorporate Paragraphs 1 through 16 set forth above as if fully set forth herein.

18.    Pursuant to 35 U.S.C. §§ 271(b) and (c), Agis has caused the direct infringement of the '481 and '149 patents and thus has indirectly infringed claims of the '481 and '149 patents through the use of tracking and notification technologies within its CowManager SensOor services that are protected by the '481 and '149 patents, as Agis actively and intentionally induced infringement by selling, or otherwise providing, to dairy farms within the United States, and specifically within this District, its CowManager SensOor, with knowledge that the induced acts constituted infringement, or acted with willful blindness; and/or contributed to infringement by one or more third parties as Agis had knowledge, rather than intent, that its activity caused such infringement, and its CowManager SensOor is an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

#4618284 v6 \023570 \0001

6

19.     Agis's contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiffs unless and until a monetary judgment is entered in favor of Plaintiffs and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods taught by AGIS to its customers and the use, sale, offer for sale and manufacture within the United States of apparatus that come within the scope of the '481 and '149 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against Agis and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Agis, granting the following relief:

A.     An award of damages against Agis adequate to compensate Plaintiffs for the infringement that has occurred with respect to Agis, together with prejudgment interest from the date that Agis's infringement of the patents at issue began;

B.     Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.     A finding that this case is exceptional and award to Plaintiffs their attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.     A permanent injunction against Agis prohibiting further infringement, direct and indirect, of the patents at issue; and

E.     All other relief as the Court or a jury may deem proper and just in this instance.

#4618284 v6 \023570 \0001

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a

trial by jury on all issues so triable.


Dated:  September 3, 2013

                                                    Respectfully submitted,


                                                     /s/ Jessica Hutson Polakowski
                                                    Jessica Hutson Polakowski, Esq.
                                                    Reinhart Boerner Van Deuren s.c.
                                                    22 East Mifflin Street, Suite 600
                                                    Madison, Wisconsin 53703
                                                    Tel: (608) 229-2219
                                                    Fax: (608) 229-2100
                                                    jpolakowski@reinhartlaw.com

Of Counsel:

Fred H. Perkins, Esq.
Alvin C. Lin, Esq.
Morrison Cohen LLP
909 Third Avenue
New York, New York 10022
Tel: (212) 735-8600
Fax: (212) 735-8708
fhperkins@morrisoncohen.com
alin@morrisoncohen.com

- and -

Paul J. Sutton, Esq.
Barry G. Magidoff, Esq.
Sutton Magidoff LLP
909 Third Avenue
New York, New York 10022
Tel: (212) 584-1990
Fax: (212) 584-5199
paul@suttonmagidoff.com
barry@suttonmagidoff.com


#4618284 v6 \023570 \0001